UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: Application of LPKF Laser and Electronics AG for an Order to Conduct Discovery for Use in a Foreign Legal Proceeding Pursuant to 28 U.S.C. § 1782 | ) ) ) ) ) ) | Case No. 14-cv-1616<br><br>Judge John W. Darrah |

# MEMORANDUM OPINION AND ORDER

Plaintiff LPKF Laser and Electronics AG ("LPKF") filed an Application for Discovery in Aid of Foreign Litigation, pursuant to 28 U.S.C. § 1782. This Court granted the Application and, subsequently, issued an order granting LPKF's Motion to Compel Discovery Responses from Motorola Mobility LLC ("Motorola"). LPKF then filed a Motion to Compel Motorola to Comply with the order. The parties consented to referral to the Magistrate Judge, the Honorable Young B. Kim. Magistrate Judge Kim denied LPKF's Motion to Compel Motorola to Comply. Before the Court is LPKF's Objection to Magistrate Judge Kim's ruling.

## BACKGROUND

On March 7, 2014, LPKF filed an Application for Discovery in Aid of Foreign Litigation, pursuant to 28 U.S.C. § 1782, seeking authorization to subpoena discovery from Motorola for use in litigation pending in Germany (the "German Action"). (Dkt. No. 1 at 1.) In the German action, LPKF accused Motorola of infringing European Patent No. 1274288. (*Id*.) In its application, LPKF sought "documents and deposition testimony regarding whether or not Motorola has procured components for the Products-at-Issue from a licensee of LPKF." (*Id*. at 2.) Specifically, LPKF made requests for production of "[a]ll documents and communications relating to Motorola's actual or potential purchase of Equipment-at-Issue from"

three companies: Foxconn, Molex, and BYD. (*Id.*, Ex. B at 6.) On March 30, 2014, the Application was granted. (Dkt. No. 9.)

On April 1, 2014, Motorola served its objections and responses to the requests for documents, stating "it has no documents and communications responsive to this request" and that "Motorola will not produce a witness to provide testimony." (Dkt. No. 13 at 3.) On April 3, 2014, LPKF moved to compel production of documents and deposition testimony. (Dkt. No. 13.) On April 24, 2014, that Motion was granted, and Motorola was ordered specifically to:

> (1) produce any documents relating to Motorola's purchase of the Products-at-Issue or antenna housings (sometimes called modules) having a conductive path for the Products-at-Issue from the indicated companies; and (2) produce a corporate representative to testify from whom Motorola purchases the Products-at-Issue or the antenna housings (sometimes called modules).

(Dkt. No. 24 at 1 (the "April 24 Order").) In response to this Order, Motorola created a spreadsheet that identified the manufacturers of the antennas in the Products-at-Issue. (Dkt. No. 67 at 5.) On May 30, 2014, Motorola made a corporate representative, Anthony Del Sesto, available for deposition, who confirmed the accuracy of the information contained within the spreadsheet. (*Id.*)

On June 18, 2014, LPKF filed a second Motion to Compel, arguing that Motorola should have produced the documents it relied on to create the spreadsheet. (Dkt. No. 33 at 5.) On June 24, 2014, the matter was referred to Magistrate Judge Kim, who ordered the issue be fully briefed. (Dkt. Nos. 35, 38.) After briefing and multiple hearings, Magistrate Judge Kim denied LPKF's second Motion to Compel, holding:

> Look, essentially what Judge Darrah asked Motorola to do is to provide information to LPKF, sources of suppliers to certain modules and antennas. It turns out that there are no responsive documents, meaning a sheet of paper or a group of – I'm sorry, or pages showing Motorola purchased antenna or housing

> from these particular manufacturers. It turns out Motorola had to go through various sources in order to get the information in order to create a table.
>
> Motorola didn't have to create this table. Motorola could have certainly simply prepared Mr. Del Sesto, provided him as a 30(b)(6) witness, and provided the position of Motorola as a corporate entity. But Motorola took the extra step, and I think I made the comment the last time we were in court that no good deed goes unpunished. I mean they made the extra effort in providing something in a hard-copy format to provide to LPKF as to the manufacturers. I can't even say manufacturers, just suppliers, asked – and suppliers who provided the parts that went into the phones or the products at issue, right?
>
> And so while it's not a – it's been a messy application process, I think Judge Darrah also recognized that during the last proceeding before him when a motion to compel was filed, and it continues to be a messy process because nothing is sort of tied down as to exactly what is to be produced, but what is important is that Motorola provide the information as to the manufacturers of the component parts that went into Motorola phones, and Motorola has done that.
>
> And I take Mr. Swedlow's word for it when he says that his team of paralegals and lawyers went through the bits and pieces of information in the database, correlated that information with various individuals, even contacted third-party entities . . . .
>
> * * *
>
> Based on that information, there's nothing for me to compel Motorola to do. Nothing else.

(Dkt. No. 63 at 34:22-36:10.) On September 18, 2014, LPKF filed the instant Objection to Magistrate Judge Kim's ruling. (Dkt. No. 59.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 72 allows a party to object to the rulings of a magistrate judge. When a dispositive ruling is objected to, the district judge must make a *de novo* determination. Fed. R. Civ. P. 72(b)(3). Magistrate rulings on § 1782 applications are deemed final because "they dispose of all issues in the proceeding." *Kestrel Coal Pty. Ltd. v. Joy Global, Inc.*, 362 F.3d 401, 403 (7th Cir. 2004) (collecting cases).

**ANALYSIS**

The sole issue to be resolved is whether Motorola's production accords with this Court's April 24 Order. LPKF argues that Motorola's spreadsheet and deponent were insufficient and, in its Objection, requests production of "any other documents of which it is aware and to which it has access that relate to the manufacturers of the antenna housing, and which documents presumably enabled Motorola to argue in the German court that it purchased antenna housing from LPKF's licensees." (Dkt. No. 59 at 8.) Motorola contends that this request is "substantially broader" than what was required by the April 24, 2014 Order. (Dkt. No. 67 at 7.) What matters is the April 24th Order.

Magistrate Judge Kim's statement that "essentially what Judge Darrah asked Motorola to do is to provide information to LPKF, sources of suppliers to certain modules and antennas" is correct only in conjunction with the statement that immediately followed it: "It turns out that there are no responsive documents, meaning a sheet of paper or a group of – I'm sorry, or pages showing Motorola purchased antenna or housing from these particular manufacturers." (Dkt. No. 63 at 34:22-35:2.) That is, Magistrate Judge Kim was correct that Motorola had complied with the April 24th Order because Magistrate Judge Kim believed that there were no responsive documents. However, after Magistrate Judge Kim's ruling, Motorola provided a responsive document (the "Confirmation Document") in the German court. (*See* Dkt. No. 70, Ex. 1 at 3.)

The April 24th Order is unambiguous: Motorola shall produce *any documents related* to its purchases of the Products-at-Issue. The Confirmation Document is clearly related to the purchase of the Products-at-Issue. It also is addressed to Del Sesto and dated March 19, 2014,

well before the issuance of the April 24th Order. This document should have been produced, along with similar such documents.

At the September 4, 2014 hearing, Magistrate Judge Kim asserted "it's an easier task for me if I just entered [the second Motion to Compel] and continued it until [documents were produced in the German case]." (Dkt. No. 63 at 32:6-7.) The Confirmation Document is precisely the type of document that LPKF suggested might be produced in the German court and precisely the type of document that would have assisted Magistrate Judge Kim in his ruling. Moreover, the Confirmation Document is within the scope of the April 24 Order.

## CONCLUSION

For the reasons set forth above, LPKF's Objection [59] is sustained, and Motorola is ordered to comply with the April 24th Order. Motorola shall produce any documents relating to Motorola's purchase of the Products-at-Issue or antenna housings (sometimes called modules) having a conductive path for the Products-at-Issue from companies that use LPKF laser equipment, within fourteen days of the entry of this Order.

Date:     January 14, 2015     _____
JOHN W. DARRAH
United States District Court Judge